**IT IS ORDERED as set forth below:**



Date: January 31, 2014

_____
**James R. Sacca
U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: : | |
| : | Chapter 11 |
| ENGINEERED INVESTMENTS LLC, : | |
| : | |
| : | Case No. 13-54412-JRS |
| Debtor. : | |
| -------------------------------------------------------- : | ------------------------------------------------ |
| GREEN TREE SERVICING LLC, as authorized : | |
| servicer for Federal National Mortgage : | |
| Association, : | |
| : | |
| Movant, : | |
| : | CONTESTED MATTER |
| vs. : | |
| : | |
| ENGINEERED INVESTMENTS LLC, : | |
| : | |
| Respondents. : | |
| : | |

**ORDER ON GREEN TREE SERVICING LLC'S MOTION FOR RELIEF FROM STAY**

The Motion for Relief from Automatic Stay of Green Tree Servicing LLC, as authorized servicer for Federal National Mortgage Association ("Movant"), was filed on November 1, 2013 (Doc. #33), and scheduled for hearing on December 3, 2013. Engineered Investments LLC

("Debtor") and Movant, through their respective counsel of record, have consented to entry of this Order.

For purposes of this Motion, the parties have stipulated to the following: that Movant holds a perfected security interest in real property known as 21 Burbank Street, Atlanta, GA 30314 (the "Property"), as more specifically described in the security documents attached to Movant's Motion for Relief; Debtor's Chapter 11 Plan provides the claim of Green Tree shall be treated as secured at the value of $21,000.00 and paid by the Debtor at 5.5% interest amortized over 360 months, and Movant's interest in the Property was not adequately protected; however, the parties have provided for adequate protection of Movant's interest and resolution of this contested matter on the terms set forth hereinbelow; it is hereby

**ORDERED** that the Motion is denied without prejudice based upon the parties complying with the following terms:

Based on the agreed upon value and interest rate, the Debtor shall make monthly payments directly to Green Tree in the amount of $119.24 each. Payments to Green Tree, based on this valuation, shall start January 1, 2014 and continue on the 1st day of each month thereafter, with a final payment of $119.24 being due by December 1, 2043. Any unpaid balance, if any, will be paid in full on the 1st day of the 360th month. The unsecured portion of Green Tree's claim if any shall be paid as a general unsecured claim pursuant to the terms of the Debtor's Chapter 11 Plan. It is

**FURTHER ORDERED** the Debtor will be responsible for maintaining all post-petition property taxes and insurance as to the Property. All taxes and insurance that accrued post-petition and prior to the effective date of the Chapter 11 Plan, will be paid in full over a 6 month period beginning 30 days from the effective date of the Plan. Green Tree shall file a Proof of Claim (in the approximate amount of $2,256.54) for these taxes and insurance. Failure of the Debtor to pay post-

petition taxes and insurance constitutes default and Green Tree is free to seek relief pursuant to this Order or the Chapter 11 Plan. It is

**FURTHER ORDERED** that if the Debtor defaults in payment of any sums specified in this Order or as to the payment of any post-petition insurance or taxes provided for in this Order, while this case is still open, then upon notice of default sent by first class mail to Debtor and Debtor's attorney, and failure of Debtor to cure such default within fifteen (15) days from date of receipt of such notice, Movant may file a motion and affidavit of default, with service upon the Debtor, the Debtor's counsel and the U.S. Trustee, and the Court may enter an order lifting the automatic stay, without further notice or hearing.

Should the Debtor default in payment of any sums specified in this Order or as to the payment of any post-petition insurance or taxes provided for in this Order, while this case is closed, then upon notice of default sent by first class mail to the Debtor and the Debtor's counsel, and failure of the Debtor to cure the default within thirty (30) days from receipt of said written notice of default, then Green Tree may exercise any and all rights and remedies it may have under applicable law.

If the Debtor defaults on the terms and conditions of this Order, either prior to or after the closing of this case, the terms of the bifurcation of the lien as delineated herein shall be void and the lien and debt held by Green Tree shall be unaffected by the terms of this Order or the Chapter 11 Plan. It is

**FURTHER ORDERED** that in the event the Debtor's case is dismissed, converted to Chapter 7, or stay relief is granted pursuant to this Order Motion for Relief, based on a default in the terms outlines herein, the lien and debt of Green Tree shall not be affected by this Order or the Chapter 11 Plan.

**[END OF DOCUMENT]**


ORDER PREPARED BY:

/s/ Drew K. Stutzman
Drew K. Stutzman
Georgia State Bar No. 000098
ELLIS, PAINTER, RATTERREE & ADAMS LLP
Post Office Box 9946
Savannah, Georgia  31412-9946
(912) 233-9700
Attorney for Movant


CONSENTED TO:

/s/ Kenneth Mitchell          w/express permission
Kenneth Mitchell
Georgia State Bar No. 513230
Attorney for Debtor
Giddens & Mitchell Associates, P.C.
3951 Snapfinger Parkway, Suite 555
Decatur, GA 30034
(770) 987-7007

**DISTRIBUTION LIST**

Engineered Investments LLC
2191 Rockbridge Rd.
Unit 1802
Stone Mountain, Ga. 30087

Kenneth Mitchell, Esq.
Giddens & Mitchell, P.C.
3951 Snapfinger Parkway, Suite 555
Decatur, GA 30034

Drew K. Stutzman, Esq
Ellis, Painter, Ratterree & Adams, LLP
P.O. Box 9946
Savannah, Georgia 31412

James H. Morawetz
Office of the U.S. Trustee
362 Richard Russell Bldg.
75 Spring Street, SW.
Atlanta, Ga. 30303

1235212.1